Curtis PACE; Dorothy Pace,
Plaintiffs–Appellants

v.

STATE FARM FIRE & CASUALTY
COMPANY; John E. Mcauliffe, Jr.;
Kevin A. Schnyder; Schnyder's Fleet
Repair, L.L.C., doing business as
Schnyder's Decal Garage; State Farm
Mutual Automobile Insurance Compa-
ny; Philip W. Bankston; Philip W.
Bankston Insurance Agency, Incorpo-
rated, Defendants–Appellees.

No. 11–30640
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 2011.

Darryl M. Phillips, Esq., Angela Lumzy
Jones, Mitchell Firm d/b/a Cochran Firm
Metairie, L.L.C., New Orleans, LA, for
Plaintiffs–Appellants.

Thomas Glenn Buck, Esq., David B.
Parnell, Jr., Esq., Blue Williams, L.L.P.,
Metairie, LA, David Vilac Batt, Charles
Robert Rumbley, Esq., Lobman, Carna-
han, Batt, Angelle & Nader, New Orleans,
LA, for Defendants–Appellees.

Before REAVLEY, SMITH, and
PRADO, Circuit Judges.

PER CURIAM: *

Curtis and Dorothy Pace appeal from
the district court's order granting sum-
mary judgment in favor of the defendants
in their suit alleging fraud in connection
with the settlement of an underlying per-
sonal injury suit. The point of contention
is the amount of insurance coverage that
was available to defendants Kevin Schny-
der and Schnyder's Fleet Repair, L.L.C.
on the date of an automobile accident be-
tween the plaintiffs and Schnyder. Plain-
tiffs contend that State Farm had issued a
policy with $1 million in coverage to

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Schnyder but fraudulently misled them into believing the policy's limits were only $300,000. We AFFIRM the district court's judgment for essentially the same reasons stated in the district court's opinion.

The unambiguous policy documents show that on the date of the accident State Farm had issued a policy to Schnyder with coverage of $300,000. An amended declarations page, referencing the same policy number, shows that four months after the accident, the policy limits were amended to $1 million, the name of the insured was changed to Schynder's business, and an additional premium was charged to Schynder. There is no evidence supporting the plaintiffs' contentions that there were two separate policies, that there was $1 million in coverage available on the date of the accident, or that the defendants fraudulently altered the policy documents. Plaintiffs' speculative assertions and arguments to the contrary are insufficient to defeat summary judgment. *See Sanches v. Carrollton–Farmers Branch Indep. Sch. Dist.,* 647 F.3d 156, 165 (5th Cir.2011) ("Conclusional allegations and denials, speculation, and unsupported assertions are insufficient to avoid summary judgment."). Because the unambiguous policy documents do not support plaintiffs' case, summary judgment was proper. *See* LA. CIV. CODE. art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").

AFFIRMED.